MAGEE et al. v. MAGEE et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. OBJECTION TO EVIDENCE.
   In an action to enforce an agreement to divide the estate equally among the heirs of the decedent, where defendant introduced the papers in an accounting by the administrator in the surrogate's court, and plaintiff objected on the ground that they were incompetent, and not binding on him, he not being a party thereto, but thereafter the account was treated on the trial as if it had been originally offered, and plaintiff was allowed to question the same, the objection was overcome.

2. EVIDENCE—OUTSTANDING NOTE—CHARGING EXECUTOR.
   Where the executor of an estate, who is also a legatee, has accounted to the surrogate court in a subsequent action against him by the other legatees to compel an equal distribution as agreed by him in consideration of their not contesting the will, the fact that there was found among the papers of deceased a memorandum in the handwriting of defendant, consisting of mutual credits and debits, and containing a credit to deceased, "By interest on note, $1,660," was insufficient to charge defendant with a note for $1,660.

Appeal from Special Term, Suffolk county.

Suit by John A. Magee and others against James M. Magee individually and as executor of the will of James Magee, deceased, and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

Harris Wilson, for appellants.
Timothy M. Griffing, for respondents.

WOODWARD, J. James Magee, ancestor of the plaintiffs and defendants, died seised of certain real estate and personal property, leaving a last will and testament, in which he gave to each child, except Edward Magee, $150. He gave Edward the use of $200 for life, the remainder to the children of Edward; and to Mary L. Carey, a granddaughter, he gave a small piece of real estate. The balance of his estate he gave to his son James M. Magee, with a request that the latter should make use of it in aid of his brothers, as the testator would have done if living. The plaintiffs, upon the theory that their father was incapable of making a will, threatened to contest the probate of this will, but the matter was arranged by the defendant James M. Magee agreeing that, if there was no contest, he would divide the estate equally between the heirs. The will was

subsequently admitted to probate, and, no division of the property being made, the plaintiffs began an action for the specific perform-ance of the contract under which the will was admitted to probate. Upon the case coming to trial, the defendant James M. Magee admitted the agreement, and at the suggestion of the court the executors were, by agreement, directed to make an accounting in the surrogate's court. Upon this accounting the learned surrogate declined to pass upon some of the objections on the ground that he had no power to decide the questions, as the account showed that the executors had complied with the terms of the will, and he could not consider the agreement in any way. Thereupon the plaintiffs moved for an order vacating the consents and the decision based thereon, and directing the action to proceed forthwith in the same manner as if it had been adjourned from May 10th to the new trial day; which motion was granted, and an order to that effect was duly made and entered, setting the case down for trial January 4, 1902. The case came on for trial on the day mentioned, and the defendant James M. Magee offered in evidence the papers on the accounting in the surrogate's court, which were objected to on the ground that they were incompetent, and not binding upon the plaintiffs. These objections were overruled, and exception taken; but the subsequent conduct of the trial, in which the account was treated as though originally offered, overcame the objection, and the case was apparently tried upon its merits, resulting in a judgment directing the specific performance of the agreement on the part of the defendant James M. Magee, and confirming the account of the executors as it was found by the surrogate. The plaintiffs appeal from certain portions of the judgment, and especially from that portion which refuses to charge the defendant James M. Magee with a certain supposed promissory note, amounting to $1,693.29, which the plaintiffs claim he owed to the estate of their testator. After testator's death a certain paper was found in the bureau drawer in his house, which reads as follows:

Aqueboque, N. Y., Dec. 16th, 1897.

Mr. J. Magee,
    Bought of James M. Magee, dealer in Dry Goods, Groceries, Hardware, Machinery and Fertilizers, receiver of Country Produce, Potatoes a Specialty.

To store book acct.......................................... $198 99
To grocery book acct.......................................    55 20

Paid Dec. 16th, 1897........................................ $254 19
                     J. M. Magee.
By eggs, grocery book....................................... $111 48
By two years' interest on note $1,660, from April 1st,
    1896, to April 1st, 1898................................    176 00

                                              Cr. $287 48
                                              Dr.  254 19

                                                  $33 29   Cr. $33 29

This paper bears date about six weeks prior to the death of the testator, and, aside from the fact that it is in the handwriting of the defendant James M. Magee, there is not a particle of evidence in the

case that there was any such note in existence at the time of testator's death as might be inferred from the memoranda in reference to the payment of interest.   There is nothing to show that the note, if it ever existed, had not been paid, or that it had not been given to the defendant, or that he was the one who had made and executed the note and was liable upon the same.   In view of the fact that James M. Magee had already accounted to the surrogate's court, where, presumptively, all of the parties to this action had an opportunity to be heard, it would be doing violence to the rules governing the jurisprudence of this state to hold that the plaintiffs had established by a fair preponderance of evidence the wrongdoing of the defendant in refusing to account for this note, if· it in fact has an existence.   The presumption of innocence, the presumption that persons charged with the discharge of public and quasi public duties have done so honestly, is not overcome by the evidence produced on the part of the plaintiffs; and we are of opinion that it is not for this court to question the determination reached by the learned trial court upon this point.   The defendant James M. Magee, it should be borne in mind, has relinquished his rights under the will, which gave him all of the residuary estate of the testator, and this court will not be astute to find a way to charge him with items which are not clearly established by the evidence.

The item of $120 counsel fees does not appear to be excessive, and we see no good reason why the defendant, who has surrendered his advantages under his father's will, should be called upon to pay the same out of his own portion.

The judgment appealed from should be affirmed, with costs.   All concur.